UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **ALLSTATE LIFE INSURANCE COMPANY,**<br><br>Plaintiff,<br><br>v.<br><br>**JEFFREY STILLWELL, ET AL,**<br><br>Defendants. | Civil Action No. 15-8251 (AET)<br><br>**MEMORANDUM OPINION** |

**BONGIOVANNI, Magistrate Judge**

This matter has been opened to the Court upon Motion (Docket Entry No. 55) by Plaintiff Allstate Life Insurance Company ("Plaintiff") seeking an Order compelling discovery from Third Party Ameriprise Financial, Inc. ("Ameriprise"). Ameriprise opposes Plaintiff's motion (Docket Entry No. 56). The Court has fully reviewed the submissions in support of an in opposition to Plaintiff's motion and considers same without oral argument pursuant to Fed.R.Civ.P. 78. For the following reasons, Plaintiff's Motion to Compel is DENIED.

I.     BACKGROUND AND PROCEDURAL HISTORY

    A.     Motion to Compel

On November 23, 2015, Plaintiff filed suit against Defendant Jeffrey Stillwell ("Stillwell") alleging that he breached his Allstate L2000S Exclusive Financial Specialist Independent Contractor Agreement ("EFS Agreement") by "improperly retaining and using Allstate confidential information, and by illegally soliciting Allstate customers and prospective

1

customers both personally and through his competing agency, Stillwell Financial Advisors, LLC ("SFA")." (Pl.'s Br. in Supp. or Mot. at 2).

On March 19, 2016, Plaintiff served a subpoena for documents on Ameriprise requesting "documents and communications relating to Defendants Stillwell and Theresa Francy's affiliation with Ameriprise and servicing of customers on behalf of Ameriprise, as well as documents provided by any of the Defendants to Ameriprise that concerned Allstate, Allstate customers or Allstate confidential information." (Id.)   Plaintiff states that Ameriprise provided 125 pages of documents, 100 of which were the independent contractor and franchise agreement between Stillwell and Ameriprise. (Id. at 3).   Plaintiff further states that "Ameriprise did not produce any communications between it and Defendants either before or after the Defendants left Allstate in September 2015, nor did Ameriprise produce any information related to the solicitation or servicing of customers on behalf of Ameriprise. (Id.)

Plaintiff filed the instant motion on September 9, 2016 requesting the Court to compel Ameriprise to produce documents and information responsive to Request Nos. 2, 3, 4, 8, 10, 11 and 12.   (Id. at 5).

> Request Nos. 2 and 4:   all documents and communications provided to Ameriprise by SFA from January 1, 2015 to the present;
> Request No. 3:   all communications and documents between Stillwell and Ameriprise from January 1, 2015 to the present;
> Request No. 8:   all reports or documents prepared by Ameriprise for any of the Defendants in this action from January 1, 2015 to the present;
> Request No. 10:   documents and communications related to any requests for services made by the Defendants to Ameriprise from January 1, 2015 to the present; and
> Request Nos. 11 and 12:   list of customers being serviced or solicited by Defendants, as affiliated with Ameriprise, from September 1, 2015 to the present.

Plaintiff argues that "if the party that issued the subpoena demonstrates that the documents

sought are relevant, the burden shifts to the resisting non-party to explain why discovery should not be permitted.  (Id. at 4, citing *Miller v. Allstate Fire & Cas. Ins. Co.*, No. 07-260, 2009 WL 700142, *2 (W.D. Pa. Marc. 17, 2009)).  Plaintiff states that its requests are narrowly tailored to its claims and defenses.  (Pl.'s Br. in Supp. of Mot. at 5).  Plaintiff notes that "to the extent that Stillwell discussed internally or with Ameriprise and/or others his plans to terminate his relationship with Allstate, start a competing business, and/or solicit Allstate's customers and prospective customers, that information is directly relevant to Allstate's claims against Stillwell for tortious interference, misappropriation of trade secrets and breach of contract.  (Id.)  Additionally, Plaintiff argues that the fact that the information requested may be available from Stillwell doesn't relieve Ameriprise of its duty to provide full and complete responses to Plaintiff's subpoena.  (Id. at 7).  Finally, Plaintiff argues that for the purpose of assessing and calculating its damages, Plaintiff is entitled to know which customers and prospective customers Stillwell has successfully transferred. (Id. at 8).

      Ameriprise states that Plaintiff's arguments "fail to acknowledge that Stillwell has already agreed to produce certain documents responsive to Allstate's similar requests to Stillwell; that Allstate has agreed no additional production from Stillwell is necessary; and that Ameriprise has already indicated that it does not have any documents responsive to some of the requests for which Allstate seeks to compel production." (Ameriprise's Br. in Opp. at 3).  Ameriprise notes that all of the documents sought by Plaintiff from Ameriprise are likely to be in the possession of the Defendants and that pursuant to Fed.R.Civ.P. 26(b)(2)(c)(i) and (ii), courts are required to limit discovery where "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome or less expensive." (Id.

3

at 4). Ameriprise also notes that as a non-party, it is afforded greater protection from discovery than a normal party. (Id. citing *Chazanow v. Sussex Bank*, 2014 U.S. Dist. LEXIS 89279 (D.N.J. July 1, 2014), *Laxalt v. McClatchy*, 116 F.R.D. 455, 458 (D. Nev. 1986). Ameriprise argues that Plaintiff's requests are "overly broad in that they encompass materials that are not reasonably calculated to lead to the discovery of admissible evidence and/or are disproportional to the needs of the case." (Ameriprise's Br. in Opp. at 5).

### B. Supplement to Motion

On January 13, 2017, Plaintiff filed a letter supplementing its motion to compel ("supplement"). (Docket Entry No. 58). Ameriprise responded on January 18, 2017. (Docket Entry No. 59).

In its supplement, Plaintiff states that during its deposition of Scott Cohen ("Cohen"), the Franchise Field President for Ameriprise, "Cohen identified several responsive documents in Ameriprise's custody and control that directly relate to Allstate's claims and which have been improperly withheld from production." (Pl.'s January 13, 2017 Letter at 1). Plaintiff argues that "Cohen's testimony reveals that Ameriprise's responses to Allstate's subpoena are grossly deficient because Ameriprise refuses to produce information that is directly related to the issues in this case." (Id.)

Although Plaintiff still requests the same documents as in the motion to compel, it specifically asks for the following documents:

1) Internal communications by and between Scott Cohen, Tom North, Mitch Doren, Deborah Smith, and or Ryan Dietrich regarding the recruitment and transition of Stillwell and his staff to Ameriprise;
2) Communications by and between Scott Cohen, Tom North, Mitch Doren, Deborah Smith, and or Ryan Dietrich and Stillwell or his staff regarding the

      transition to Ameriprise;
3) All agreements and communications regarding Stillwell's "transitional compensation";
4) Cohen's notes related to conversations with Stillwell and his staff regarding the transition to Ameriprise;
5) Weekly performance reports for SFA and/or Stillwell; and
6) Non-privileged information related to Ameriprise's provision of legal counsel to Stillwell pursuant to the transition to Ameriprise.

(Pl.'s January 13, 2017 Letter, Exh. A at 2-3)

Ameriprise argues that "nothing in Mr. Cohen's deposition or Allstate's letter changes the facts that (a) Ameriprise's objections to Allstate's original documents requests are completely valid, particularly as they relate to the vagueness and overbreadth of the requests, and (b) Allstate still has not agreed to narrow the requests at issue." (Ameriprise's January 18, 2017 Letter at 1). Additionally, Ameriprise argues that Plaintiff's six more narrowly tailored categories of documents still suffer from the same deficiencies as Plaintiff's prior requests. (Id. at 2). Ameriprises' objections to the six new categories include "the failure to specify a time frame; the failure to define certain terms; the failure to limit [the] request to Allstate customers without including information related to other Ameriprise franchisees, or Stillwell's customers whom Allstate never served; and the general vagueness and ambiguity of certain requests." (Id.)

## II.     ANALYSIS

The Court has fully reviewed and considered all arguments raised by the parties. The Court has broad discretion in deciding discovery issues such as that raised by the parties here. *See Gerald Chamles Corp. v. Oki Data Americas*, *Inc.*, Civ. No. 07-1947 (JEI), 2007 WL 4789040, at *1 (D.N.J. Dec. 11, 2007) (stating that it is "well-settled that Magistrate Judges have broad discretion to manage their docket and to decide discovery issues[.]")   Indeed, it is well settled that

5

the appropriate scope of discovery and the management of requests for discovery are left to the sound discretion of the Court. *See Salamone v. Carter's Retail, Inc.*, Civil Action No. 09-5856 (GEB) 2011 WL 310701, *5 (D.N.J. Jan. 28, 2011); *In re Fine Paper Antitrust Litig.*, 685 F.2d 810, 817 (3d Cir. 1982) (finding that conduct of discovery is committed to sound discretion of Court).

The Court finds that while some of the information requested in the subpoena is relevant to the case, the amount of information requested is overly broad and not proportional to the needs of the case. Although Plaintiff asks for specific documents in its January 13, 2017 letter, that is not sufficient. The requests should have been "clarified and narrowed" within the subpoena. While Plaintiff appears to narrow its requests, it still asks for "documents that include, but are not limited to" the six new categories. Furthermore, the Court finds that the new categories are still overly broad as they do not include a time frame and fail to limit the requests to Allstate customers.

Thus, for the foregoing reasons and for good cause shown,

IT IS on this 10th day of February, 2017,

ORDERED that Plaintiff's Motion to compel discovery is DENIED; and it is further

ORDERED that the Clerk of the Court terminate this Motion (Docket Entry No. 55) accordingly.

s/Tonianne J. Bongiovanni
**HONORABLE TONIANNE J. BONGIOVANNI**
**UNITED STATES MAGISTRATE JUDGE**