**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ALLSTATE LIFE INSURANCE COMPANY, | |
| Plaintiff, | Civ. No. 15-8251 |
| v. | **OPINION** |
| JEFFREY STILLWELL, STILLWELL FINANCIAL ADVISORS, LLC, and THERESA FRANCY, | |
| Defendants. | |
| JEFFREY STILLWELL, | |
| Counter Claimant, | |
| v. | |
| ALLSTATE LIFE INSURANCE COMPANY, | |
| Counter Defendant. | |

THOMPSON, U.S.D.J.

## **INTRODUCTION**

This matter comes before the Court upon the Motion for Reconsideration filed by

Defendants Jeffrey Stillwell; Stillwell Financial Advisors, LLC ("SFA"); and Theresa Francy

(collectively, "Defendants"). (ECF No. 114.) Plaintiff Allstate Life Insurance Company

("Plaintiff") opposes. (ECF No. 118.) The Court has decided the Motion on the written

submissions of the parties, pursuant to Local Rule 78.1(b). For the reasons stated herein, the

Motion for Reconsideration is denied.

## BACKGROUND

The facts of this case are familiar to the parties and will not be fully recited here. (*See* Op.

at 2–13, ECF No. 112 (providing extensive factual background).) Plaintiff is a life insurance

company for whom Defendants Stillwell and Francy previously worked. (*Id.* at 2.) In September

2015, Defendants Stillwell and Francy terminated their relationship with Plaintiff and began

working at Defendant SFA. (*Id.* at 5.) Plaintiff accuses Defendants of breaching their non-

compete and non-solicitation agreements, misusing confidential information after their

termination, and refusing to return money owed. (*See id.* at 5–13.) Defendant Stillwell filed

Counterclaims accusing Plaintiff of, among other things, withholding money owed to him. (*Id.* at

2, 11–13; *see also* Answer & Countercls. at 23–27, ECF No. 9.)

On May 16, 2019, the Court granted in part and denied in part the parties' Motions for

Summary Judgment. (*See* Op. at 14–28; Order & J., ECF No. 113.) On May 30, 2019,

Defendants filed the present Motion for Reconsideration of the Court's Summary Judgment

Opinion and Order. (ECF No. 114.) After receiving extensions of time (ECF Nos. 115–16),

Plaintiff opposed the Motion on July 8, 2019 (ECF No. 118), and Defendants replied on July 15,

2019 (ECF No. 119). The Motion is presently before the Court.

## LEGAL STANDARD

"The purpose of a motion for reconsideration is to correct manifest errors of law or fact

or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906 (3d Cir.

1985). Reconsideration is an extraordinary remedy that is to be granted "very sparingly." *E.g.*,

*Friedman v. Bank of Am., N.A.*, No. 09-2214, 2012 WL 3146875, at *2 (D.N.J. Aug. 1, 2012).

Filed pursuant to Rule 59(e) of the Federal Rules of Civil Procedure and Local Civil Rule 7.1(i),

a motion for reconsideration may be based on one of three separate grounds: (1) an intervening

change in controlling law, (2) new evidence not previously available, or (3) to correct a clear

error of law or to prevent manifest injustice. *N. River Ins. Co. v. CIGNA Reins. Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995) (internal citation omitted).

A motion for reconsideration is not an opportunity to raise new matters or arguments that could have been raised before the original decision was made. *E.g.*, *Bowers v. NCAA*, 130 F. Supp. 2d 610, 613 (D.N.J. 2001). Nor is it an opportunity to ask the Court to rethink what it has already thought through. *E.g.*, *Oritani S & L v. Fidelity & Deposit*, 744 F. Supp. 1311, 1314 (D.N.J. 1990). Rather, a motion for reconsideration may be granted only if there is a dispositive factual or legal matter that was presented but not considered that would have reasonably resulted in a different conclusion by the court. *E.g.*, *Champion Labs., Inc. v. Metex Corp.*, 677 F. Supp. 2d 748, 750 (D.N.J. 2010). "Mere disagreement with a court's decision normally should be raised through the appellate process and is inappropriate on a motion for reargument." *United States v. Compaction Sys. Corp.*, 88 F. Supp. 2d 339, 345 (D.N.J. 1999).

## DISCUSSION

Defendants seek reconsideration based on several alleged instances of clear error by the Court. First, Defendants argue that summary judgment in favor of Plaintiff on Count II (a breach of contract claim based on a bonus payment) was improper because Plaintiff never moved for summary judgment on that Count. (Mot. Recons. at 4–5.) In a formal sense, Plaintiff did move for summary judgment on this Count. (*See* Pl.'s Summ. J. Mot. at 2, ECF No. 85 ("Plaintiff . . . moves for partial summary judgment as to liability on its claims against Defendants Jeffrey Stillwell . . . for breach of contract . . . .").) Although Plaintiff did not provide any argument for summary judgment on Count II in its moving brief, the claim involves the same subject matter as Defendant Stillwell's Counterclaim (Op. at 18), and the parties did extensively argue the Counterclaim (*see* Defs.' Summ. J. Mot. at 36–39, ECF No. 89-5; Pl.'s Summ. J. Opp'n at 29–32, ECF No. 100; Defs.' Summ. J. Reply at 3–6, ECF No. 110). Count II was litigated in both

form and substance, and a finding of summary judgment on that Count was proper.

Defendants also claim that the Court granted summary judgment on Count II "on grounds not raised by a party" without "giving notice and a reasonable time to respond" as required by Rule 56(f)(2) of the Federal Rules of Civil Procedure. The Court, interpreting Section 4.2 of the Supplement to an agreement between Plaintiff and Defendant Stillwell, found that,

> Defendant Stillwell was entitled to the LPB [Life Production Bonus] payment only if he was active at the end of the bonus period. The bonus period ended at the end of 2015, after Defendant Stillwell had terminated. Therefore, Defendant Stillwell was not entitled to the LPB payment and is required to repay it.

(Op. at 26.) Defendants, in their Motion for Reconsideration, state that Plaintiff "[n]ever ma[d]e the argument, ultimately adopted by the Court, that Stillwell was not entitled to retain the Accelerated LPB because Section 4.2 of the Supplement states that the 'EFS must be active at the end of the bonus period to receive credit for that period.'" (Mot. Recons. at 5.) At the time of their Summary Judgment Motion, however, Defendants had a different view: "[Plaintiff] ALIC relies on Sections 4.2 and 4.3 of the Supplement and Section XV.C of the EFS Agreement its position [sic]." (Defs.' Summ. J. Mot. 38.) Moreover, Defendants themselves cited to the relevant contract language (Pl.'s Stmt. of Material Facts ¶ 120, ECF No. 89-1) and argued in their Motion for Summary Judgment for their preferred reading of the contract (Defs.' Summ. J. Mot. at 38–39). This is not the kind of situation contemplated by Rule 56(f)(2) where a party had summary judgment sprung upon it without the opportunity to argue its side of the case.

LPB benefits accrue from credits earned over time. (*See* Supplement § 4.2, ECF No. 89-2 (Tab 10).) Defendants argue that Defendant Stillwell's LPB bonus for the 2015 bonus period was based entirely on credits earned in 2014, and since Defendant Stillwell left Plaintiff in 2015 he was active at the end of the bonus period in 2014, entitling him to the LPB. (Mot. Recons. at 5–8.) The issue here is how to define the "bonus period" and when it ends. The contract does not

define the term, but it does provide language lending plausibility to the Court's original ruling

that the bonus period ended at the end of 2015, when Defendant Stillwell was no longer active.

(Supplement §§ 4.1 ("Qualification for the Life Production Bonus credits is based on current

year net production credit . . . ."), 4.2 ("In January of the following year, 25% of the accumulated

credits are paid out in an annual bonus. The bonus will be paid each year there is a credit

balance, even if an EFS [Exclusive Financial Specialist] does not qualify for additional bonus

credits in that calendar year.").) The Court's determination was therefore not clear error.[1]

Next, Defendants claim that the Court erred by assuming that a list of client contact

information (the "Database List") came from Plaintiff's database. (Mot. Recons. at 8–12; *see* Op.

at 7.) At summary judgment, Plaintiff represented to the Court that the Database List was

"generated from [Plaintiff's] database." (Resp. to Defs.' SMF ¶¶ 65, 67.) Defendants did not

contest that statement at the time (*see* Defs.' Reply at 8 n.3 and accompanying text (purporting to

identify "only some of [Plaintiff] ALIC's more egregious misrepresentations" and not including

the statement at issue here)), but they now claim that "[t]hat determination is not supported by

the record facts and is, in fact, untrue" (Mot. Recons. at 8–9). Defendants also reiterate their

argument that the Database List and the identical Announcement List may have been generated

from memory and public sources. (Mot Recons. at 10)—an argument that the Court previously

considered and rejected (Op. at 17). Whatever can be made of all this, the Court did not commit

clear error in its determination, and reconsideration on this front is denied.

Defendants Stillwell and Francy entered into agreements with Plaintiff that they would

---

[1] In their Reply Brief, Defendants argue that the Supplement's statement that "EFS must be active at the end of the bonus period to receive credits for that period" means that an EFS who is not active is unable to accumulate new credits but can still receive a bonus based on previous years' credits. (Reply at 2.) Though that reading is plausible, the provision could also mean that an EFS is ineligible for a bonus based on any credits, new or previously accumulated. The Court's reading was not clear error.

not solicit business within one mile of the location of their office with Plaintiff, and the Court held that they breached those agreements by soliciting business at their previous office location. (Op. at 16, 25.) Defendants argue that the Court should have analyzed whether the agreements, as restrictive covenants, were enforceable under New Jersey law. (Mot. Recons. at 12–13.) A restrictive covenant is enforceable if it is reasonable, and "[i]t will generally be found to be reasonable where it simply protects the legitimate interests of the employer, imposes no undue hardship on the employee, and is not injurious to the public." *Solari Industries v. Malady*, 264 A.2d 53, 56 (N.J. 1970). An overbroad restrictive covenant may be enforced partially "to the extent reasonable under the circumstances." *Id.* at 61 (internal citations omitted). So even if the Court were to find that the parties' agreements were overbroad in preventing Defendants from soliciting business within one mile of their previous office, the Court could certainly limit the agreement so that Defendants would be disallowed from operating an insurance business in the same location as their previous office. The Court will therefore not reverse its prior holding.

Finally, Defendants contest the Court's finding that Defendants Stillwell and Francy "solicit[ed]" business from their previous office location in violation of their contracts. (Mot. Recons. at 13–14; *see also* Op. at 16, 25.) That conclusion was based on the following facts:

> Defendant Stillwell contacted approximately fifty clients and informed them that Defendant Stillwell was "a new member of the Ameriprise Financial team." These announcements listed Defendant Stillwell as Financial Advisor and President of Defendant SFA and Defendant Francy as Operations Director, and they provided Defendants Stillwell and Francy's old Freehold, NJ office address.

(Op. at 6–7 (internal citations omitted).) Defendants argue that the Court failed to recognize a genuine dispute of material fact as to whether these activities constituted solicitation under the agreements. (Mot. Recons. at 14.) But the Court strains to imagine a reason why Defendants would contact clients to provide the name of their new company and their business address, if not to solicit business from those clients. It was not clear error to find that these actions

constituted solicitation.

## **CONCLUSION**

For the foregoing reasons, Defendants' Motion for Reconsideration is denied. An

appropriate Order will follow.


Date:  7/24/19                                  /s/ Anne E. Thompson
                                                ANNE E. THOMPSON, U.S.D.J.