James S. Yu (JY-9734)
**SEYFARTH SHAW LLP**
620 Eighth Avenue
New York, New York 10018-1405
(212) 218-5500

J. Scott Humphrey (admitted *pro hac vice*)
Robyn E. Marsh (admitted *pro hac vice*)
SEYFARTH SHAW LLP
233 South Wacker Drive
Suite 8000
Chicago, Illinois 60606
Tel.: (312) 460-5000

*Attorneys for Plaintiff/Counter-Defendant Allstate Life Insurance Company*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ALLSTATE LIFE INSURANCE COMPANY,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>JEFFREY STILLWELL, STILLWELL FINANCIAL ADVISORS, LLC, and THERESA FRANCY,<br><br>　　　　Defendant.<br><br>JEFFREY STILLWELL,<br><br>　　　　Counterclaim-Plaintiff,<br><br>　v.<br><br>ALLSTATE LIFE INSURANCE COMPANY,<br><br>　　　　Counterclaim-Defendant. | Case No.: 3:15-cv-08251-AET-TJB<br><br><br><br><br><br>**PLAINTIFF ALLSTATE LIFE INSURANCE COMPANY'S MOTION TO STRIKE, OR ALTERNATIVELY, MOTION FOR EXTENSION OF TIME TO RESPOND TO DEFENDANTS' MOTION *IN LIMINE* TO PRECLUDE CERTAIN EVIDENCE OF DAMAGES AT TRIAL** |

## INTRODUCTION AND RELEVANT BACKGROUND

Despite trial not proceeding until well into 2021 (or beyond), Defendants filed an improper (and premature) motion *in limine* seeking to bar Plaintiff Allstate Life Insurance Company's ("ALIC") introduction of certain evidence of damages at trial. (ECF 138.) This motion is a thinly-veiled attempt to rehash old arguments from Defendants' Motion for Summary Judgment (ECF 89), disguised as a pre-trial motion, *months* before trial is set to begin. On May 16, 2019, this Court issued a decision regarding the parties' cross-motions for summary judgment, resolving several issues in the case, including granting Plaintiff's motion for partial summary judgment as to liability as to its claims for breach of contract and misappropriation of trade secrets against Defendants Jeffrey Stillwell ("Stillwell") and Theresa Francy ("Francy"). (*See generally* ECF 112.) In its opinion, this Court rejected the very argument that Defendants recycle in their instant motion *in limine*, claiming that ALIC cannot causally link the damages it seeks to the conduct for which Defendants were found liable. (*Id.* at PageID.3704.)

Distilled to its essence, Defendants' argument (once again) is that there is no record evidence from which a reasonable jury could conclude that any of the damages sought by ALIC were because of any breach of the non-solicitation or confidentiality provisions of Stillwell and Francy's respective Agreements with ALIC. As the Court noted in summary judgment, however, "Defendant Stillwell may find [Plaintiff's] calculation seriously flawed, but Plaintiff has nevertheless provided the quantum of evidence necessary to avoid summary judgment on the issue of damages." *Id.* More importantly, however, a motion *in limine* is not the proper vehicle for this Court to determine *substantive* issues for jury consideration, which is exactly what Defendants' motion asks this Court to do. Accordingly, ALIC seeks an order striking Defendants' motion *in limine* as procedurally and substantively improper, or alternatively, entering an extended briefing schedule to respond to the motion given the absence of an impending trial date.

67005308v.1

## ARGUMENT

A motion *in limine* is designed to narrow evidentiary issues for trial and to eliminate unnecessary interruptions during trial. *Bradley v. Pittsburgh Bd. of Educ.*, 913 F.2d 1064, 1069 (3d Cir. 1990). However, "[t]he Federal Rules of Evidence embody a strong and undeniable preference for admitting any evidence having some potential for assisting the trier of fact." *Holbrook v. Lykes Bros. Steamship Co., Inc.,* 80 F.3d 777, 780 (3d Cir. 1996) (internal quotation marks omitted). As a result, an *in limine* ruling should not be made prematurely if the context of trial would provide clarity for a jury. *Ebenhoech v. Koppers Indus., Inc.*, 239 F. Supp. 2d 455, 461 (D.N.J. 2002) (citation omitted). Critically, a motion *in limine* "**is not a proper vehicle for a party to ask the Court to weigh the sufficiency of the evidence to support a particular claim or defense, because that is the function of a motion for summary judgment, with its accompanying and crucial procedural safeguards.**" *Bowers v. NCAA*, 563 F. Supp. 2d 508, 532 (D.N.J. 2008) (emphasis added, internal quotation marks omitted).

Despite this well-settled directive, Defendants filed their motion *in limine seeking* an order barring evidence related to Plaintiffs' damages. A complete exclusion of such evidence at this stage is premature and outside the scope of a proper motion *in limine*. *See, e.g., Uniloc USA, Inc. v. Microsoft Corp.*, 632 F. Supp. 2d 147, 158 (D.R.I. 2009). Accordingly, the Motion should be stricken. Not only that, in accordance with the Court's schedule (ECF 137), the parties recently submitted a Joint Pretrial Order, including the list of anticipated pre-trial motions that would be filed with the Court in advance of trial. In other words, the parties agreed that pre-trial motions would be submitted at a later date, after the pretrial conference (set for December 7, 2020), and not in a piecemeal fashion. Defendants' motion fails to promote judicial efficiency with their scattershot approach to pretrial motions, and all motions should be filed and ruled on collectively in a contemporaneous fashion closer to trial.

However, to the extent this Court seeks briefing on the Motion at this time, ALIC seeks additional time to respond to adequately address Defendants' arguments. Specifically, in the absence of a trial date, there is little urgency to disposition of Defendants' motion and therefore, ALIC seeks up to and including March 1, 2021 to file a response in opposition. Given the upcoming holidays, coupled with ALIC counsel's conflicting deadlines in other cases involving dispositive motions, trial, and a scheduled arbitration, ALIC seeks an extended amount of time to address Defendants' motion. This request for additional time for briefing is not intended to unnecessarily delay the proceedings, nor will it prejudice any party.

## CONCLUSION

For all of the foregoing reasons, Plaintiff Allstate Life Insurance Company respectfully requests that this Honorable Court strike Defendants' Motion *In Limine* (ECF 138), or alternatively, enter an extended briefing schedule, giving ALIC up to and including March 1, 2021 to file a response in opposition.

**Date:  December 2, 2020**　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　SEYFARTH SHAW LLP

　　　　　　　　　　　　　　　　　　　　By:  */s/ James S. Yu*
　　　　　　　　　　　　　　　　　　　　　　　James S. Yu
　　　　　　　　　　　　　　　　　　　　　　　620 Eighth Avenue, 32nd Floor
　　　　　　　　　　　　　　　　　　　　　　　New York, NY 10018
　　　　　　　　　　　　　　　　　　　　　　　Tel.: (212) 218-5500

　　　　　　　　　　　　　　　　　　　　　　　J. Scott Humphrey (admitted *pro hac vice*)
　　　　　　　　　　　　　　　　　　　　　　　Robyn E. Marsh (admitted *pro hac vice*)
　　　　　　　　　　　　　　　　　　　　　　　233 South Wacker Drive, Suite 8000
　　　　　　　　　　　　　　　　　　　　　　　Chicago, Illinois 60606
　　　　　　　　　　　　　　　　　　　　　　　Tel.: (312) 460-5000

　　　　　　　　　　　　　　　　　　　　　　　*Attorneys for Plaintiff Allstate Life Insurance Company*

## **CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that on December 2, 2020, he electronically filed the foregoing **Allstate Life Insurance Company's Motion to Strike or Alternatively, Motion for Extension of Time to Respond to Defendants' Motion in Limine to Preclude Certain Evidence of Damages** with the Clerk of the Court using the ECF system, which will send notification to all counsel of record.

*/s/ James S. Yu*
James S. Yu

67005308v.1